DENVER, U. & P. R. CO. v. PORTER.

DENARGO LAND CO. v. SAME.

(Circuit Court, D. Colorado. October 31, 1893.)

Nos. 2,658 and 2,659.

LIMITATION OF ACTIONS—VACANT LANDS—PAYMENT OF TAXES.

The running of the Colorado statute of limitations relating to payment of taxes on unoccupied land under color of title is interrupted by the entry of another thereon under color of title, although such payments are continued to the full term named in the statute.

At Law. These were two actions brought against James R. Porter by the Denver, Utah & Pacific Railroad Company and the Denargo Land Company, respectively, to recover certain lands. The cases were consolidated for trial, and a verdict was rendered for plaintiffs. Defendant now moves for a new trial. Granted.

Edward O. Wolcott and J. F. Vail, for plaintiffs.
B. F. Montgomery, for defendant.

THOMAS, District Judge. The Colorado statute on which the second cause of action in each complaint is based reads as follows:

"Whenever a person having color of title, either by pre-emption or otherwise, as aforesaid, made in good faith to vacant and unoccupied land or mining claims, shall pay all taxes legally assessed thereon, or for improvements situate thereon, for five successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied lands or mining claims, to the extent and according to the purport of his or her proper title or pre-emption. All persons holding under such taxpayer, by purchase, devise or descent, before said five years shall have expired, and who shall continue to pay the taxes as aforesaid, so as to complete the payment of the taxes for the term aforesaid, shall be entitled to the benefit of this section." Gen. St. § 2187.

The court charged the jury on the second cause of action alleged in the complaint as follows:

"I instruct you that, as a matter of law, the deeds in evidence are such as to give color of title to the plaintiff in this case, under this statute, for the land in controversy; and the questions for you to consider, under this section are whether the plaintiff, so having color of title, did in good faith suppose that it had title, and did pay all taxes legally assessed upon the premises for five successive years prior to the commencement of this suit, to wit, May 16, 1891, and did at some time prior to said date, in some manner, enter into or take possession of the premises. The taxes paid by those under whom plaintiff claims title are to be considered in this connection as if paid by the plaintiff; and if you find that the plaintiff, or those under whom it claims title, did so pay taxes for five successive years, and did in good faith suppose that it or they had title to the premises, and did at some date prior to the institution of this suit, May 16, 1891, in some manner, take possession of the premises, then your verdict must be for the plaintiff."

The defendant duly excepted to the same. The charge ignored the fact that the defendant went into possession in March, 1890, and continued in possession of some part of the premises, at least. I think the court committed prejudicial error in thus charging the jury. Hill and his grantees under color of title did not pay taxes for five years prior to the commencement of this action on vacant and unoccupied land, for the defendant went into possession before the five years expired. The statute on which the second cause of action in the complaints is based, in my opinion, means that the payment of taxes under color of title must be made on vacant and unoccupied lands for the full term named in the statute, and that the entry into possession by the defendant under claim and color of title stopped the running of the statute. In addition to this, important and difficult questions of fact were submitted to the jury, requiring a reasonable time to examine the exhibits, and consider

and compare the evidence, and arrive at a safe conclusion; yet the jury rendered a verdict in both cases in less than half an hour.

After careful review of the cases and the record submitted, I think substantial justice demands that a new trial be had in both cases; and it is so ordered.